UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>HOWREY LLP,<br>　　　　Debtor. | Case No. 14-cv-03062-JD<br><br>**ORDER DENYING STAY PENDING APPEAL**<br>Re: Dkt. No. 5 |
| ADVANCED DISCOVERY INC., et al.,<br>　　　　Appellants,<br>　　v.<br>ALLAN DIAMOND, et al.,<br>　　　　Appellees. | |

## INTRODUCTION

Appellants Advanced Discovery Inc.[1], Howrey Claims, LLC, Kent Daniels & Associates, LLC, and L.A. Best Photocopies, Inc. move for a stay pending appeal to this Court of the bankruptcy court's order approving a settlement between the trustee, a committee of unsecured creditors, and certain former partners of the now defunct law firm, Howrey LLP. Appellants asked the Court to decide the motion on an accelerated basis, which the Court has accommodated. On July 11, 2014, the Court held a telephonic hearing on shortened time. After considering the papers submitted by the parties and the arguments made during the hearing, the Court denies the stay. Appellants have not demonstrated that a stay is warranted because they failed to show a

---

[1] The party before the Court is Advanced Discovery Inc. In the bankruptcy proceeding below, Advanced Discovery LLC is a party, not Advanced Discovery Inc. The basis for the discrepancy in the entity's name is not clear to the Court.

likelihood of success on the merits, the alleged irreparable harm is speculative at best, and the non-moving parties will be significantly injured if the stay is granted.

## BACKGROUND

On April 11, 2011, certain creditors of Howrey LLP filed an involuntary petition for relief under chapter 7 of Title 11 of United States Code. That bankruptcy case, Case No. 11-31376-DM, which is now under chapter 11, is currently pending in the United States Bankruptcy Court of this District.

Appellants are small trade creditors of Howrey LLP. *See* Dkt. No. 5 at 2. According to their counsel, appellants' unsecured creditor claims amount to less than $175,000. The Howrey bankruptcy as a whole has approximately $100 million in unsecured creditor claims. *See* Dkt. No. 17 at 1, n.1. Even giving appellants the full benefit of $175,000 in claims, their portion of the bankruptcy is less than 2%.

Howrey Claims LLC ("Howrey Claims") is a company formed during the Howrey LLP bankruptcy proceedings that purchased claims from other creditors -- thus becoming a creditor itself -- and pursued those claims in the bankruptcy. In November 2012, Howrey Claims purported to bring a class action lawsuit in the bankruptcy court to recover damages directly from the former Howrey LLP partners on an alter ego theory. *See* Dkt. No. 17 at 1-2. The bankruptcy court did not permit Howrey Claims to go forward with that lawsuit, which is the subject of a separate appeal in this District.[2] The bankruptcy court held that the alter ego claim under "either a fraudulent-transfer or a wrongful-distribution-of-capital theory . . . plainly belongs to the trustee." Dkt. No. 6, Ex. 4 (citing AA 0794-95 at 81:25-82:21).

On March 5, 2014, the chapter 11 bankruptcy trustee, Allan B. Diamond, the Official Committee of Unsecured Creditors, and certain former Howrey LLP partners represented by the law firm of Klee Tuchin Bogdanoff & Stern LLP ("KTBS") filed a Joint Motion to Approve a Settlement with the Former Howrey Partners Represented by KTBS (the "Settlement"). *See* Dkt. No. 6, Ex. 11. The settlement agreement provides that in exchange for $4,214,254, the former

---

[2] Appellants have moved to relate this appeal with the appeal of those dismissed claims pending before Judge Armstrong, Case. No. 13-cv-00449-SBA.

Howrey partners represented by KTBS will be fully released from, among other things, the trustee's breach of contract and fraudulent transfer claims (collectively, the "Clawback Claims"). *See id.* Appellants objected to the Settlement on several grounds, including that it would release alter ego claims that do not belong exclusively to the trustee. *See* Dkt. No. 6, Ex. 18.[3]

On June 24, 2014, the bankruptcy court held a hearing on the Settlement. *See* Dkt. No. 6, Ex. 28. Appellants' objections were overruled and the Settlement was approved. *See id.* During the hearing, appellants made an oral motion to stay any adverse order pending appeal. *Id.* at 104. The bankruptcy court denied appellants' request. *Id.* ("I will deny that request because I don't think any of the traditional standards for a stay pending appeal have been satisfied, the primary one being likely to prevail on the merits."). Under Federal Rule of Bankruptcy Procedure 6004(h), an automatic stay is in place through July 14, 2014. *See* Dkt. No. 5 at 17.

On July 7, 2014, the Court received the Notice of Appeal from the bankruptcy court, and appellants filed a Motion for Stay or Order Approving Sale/Release Pending Appeal. *See* Dkt. Nos. 1, 5. The next day, appellants filed a Motion to Shorten Time. Dkt. No. 7. The Court held a telephonic status conference on July 8, 2014, and ordered the non-moving parties to respond to the Motion for Stay. Dkt. No. 13. The non-moving parties filed a response to the Motion to Stay on July 10, 2014, and the Court held a telephonic hearing on the Motion to Stay on July 11, 2014. *See* Dkt. Nos. 17, 20.

## DISCUSSION

### I. Standard of Review

A motion for a stay of the judgment, order, or decree of a bankruptcy judge must generally be considered first by the bankruptcy judge. Fed. R. Bankr. P. 8005. Where the bankruptcy court denied a stay under Rule 8005, the appellate court's review is limited to a determination of whether the bankruptcy court abused its discretion. *See In re North Plaza, LLC*, 395 B.R. 113, 118-19 (S.D. Cal. 2008) (citing *In re Wymer*, 5 B.R. 802, 807 (9th Cir. BAP 1980); *In re Ohanian*,

---

[3] Appellants' objections to the Settlement, (Dkt. No. 6, Exs. 14, 18, 25), were opposed by the trustee, the Official Committee of Unsecured Creditors, and the former Howrey LLP partners represented by KTBS, (Dkt. No. 6, Exs. 22-24).

338 B.R. 839, 844 (E.D. Cal. 2006)). At the hearing of this stay motion, appellants agreed the abuse of discretion standard governs here. In reviewing the bankruptcy court's order denying a stay, the court reviews the law de novo and the facts under a clearly erroneous standard. *Id.* (citing *In re Ohanian*, 338 B.R. at 844, 848).

## II. Stay Under Federal Rule of Bankruptcy Procedure 8005

In deciding whether to issue a discretionary stay pending a bankruptcy appeal, courts consider four factors: (1) the movant's likelihood of success on the merits of the appeal; (2) irreparable harm to the movant absent a stay; (3) harm to the adverse party if a stay is granted; and (4) the public interest. *See In re North Plaza*, 395 B.R. at 119 (noting divergence in application of the four factor test); *In re Irwin*, 338 B.R. 839, 843 (E.D. Cal. 2006); *In re Pon*, Case No. C-93-2745 MHP, 1994 U.S. Dist. LEXIS 2559, at *6 (N.D. Cal. Feb. 25, 1994). The movant must show that each factor weighs in favor of granting the stay. *See In re North Plaza*, 395 B.R. at 119; *In re Irwin*, 338 B.R. at 843; *In re Pon*, 1994 U.S. Dist. LEXIS 2559, at *6.

### A. Likelihood of Success on the Merits

To show a likelihood of success on the merits, the movant must "raise questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate inquiry." *In re North Plaza*, 395 B.R. at 121 (citing *Cnty. of Alameda v. Weinberger*, 520 F.2d 344, 349 n.12 (9th Cir. 1975)).

Appellants failed to meet this test. The underlying appeal turns on whether the bankruptcy court erred when it determined that "any claims against [the former Howrey partners] that are wholly or partially based on harm to [the Howrey bankruptcy estate] or wholly or partially based on a transfer of [the Howrey bankruptcy estate's] assets, or that are wholly or partially based on, duplicative of or derivative of any claim of [the Howrey bankruptcy estate] . . . are property of the Howrey bankruptcy estate." *See* Dkt. No. 5 at 4-5.

Consequently, to satisfy the success on the merits element, appellants were obligated to raise serious questions or doubts about the bankruptcy court's determination to allow the trustee, exclusively, to settle the alter ego claims that appellants believe they should be able to pursue against the former Howrey LLP partners.

The cases cited by the appellant or otherwise found to be relevant by the Court do not raise serious questions or doubts about the bankruptcy court's finding. In a chapter 11 bankruptcy, the trustee "stands in the shoes of the bankrupt corporation and has standing to bring any suit that the bankrupt corporation could have instituted had it not petitioned for bankruptcy." *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1250 (9th Cir. 2010) (citing *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1002 (9th Cir. 2005)). The trustee generally lacks standing to sue third parties on behalf of the estate's creditors, and may only assert only claims belonging to the debtor corporation. *See id.* "When the trustee does have standing to assert a debtor's claim, that standing is exclusive and divests all creditors of the power to bring the claim." *Id.* (citation omitted).

Appellants have failed to show a likelihood of winning the argument that their alter ego claims are outside the trustee's exclusive purview. The essence of appellants' allegations is that in the approach to bankruptcy, partners at Howrey LLP "took tens of millions of dollars in draws from their now-bankrupt law firm despite their having actual knowledge that their taking such large draws would substantially interfere with Howrey LLP's ability to ever ultimately pay its trade creditors." Dkt. No. 5 at 2. The trustee's Clawback Claims, which he is pursing for the benefit of all of Howrey LLP's creditors, substantially overlap with appellants' alter ego claims. The Clawback Claims are against Howrey LLP's "former partners to recover tens of millions of dollars in improper distributions." Dkt. No. 6, Ex. 7 at 1. The bankruptcy court found that appellants' alter ego claims are exclusively property of the Howrey chapter 11 estate based on the finding that Howrey Claims' asserted alter ego claim under "either a fraudulent-transfer or a wrongful-distribution-of-capital theory . . . plainly belongs to the trustee." Dkt. No. 6, Ex. 4 (citing AA 0794-95 at 81:25-82:21).

Appellants' main argument on likelihood of success is that under *Ahcom* -- a case decided under California law[4] -- they should be permitted to pursue their alter ego claims against the

---

[4] The parties agree that District of Columbia nonbankruptcy law and not California nonbankruptcy law is controlling in this case. *See* Dkt. No. 5 at 10-11, n.3; Dkt. No. 17 at 5, n.4. The parties dispute whether District of Columbia and California law are identical on this issue. Dkt. No. 17 at 5, n.4. The record on this issue is underdeveloped by the parties, and Court does not address the dispute in light of that deficiency. This motion can be resolved without deciding that issue.

former Howrey LLP partners who "victimized [appellants] by corporate looting" and that the trustee should not be given exclusive standing over those claims. Dkt. No. 5 at 11. The non-moving parties contend that appellants misstate the holding of *Ahcom*, which did not conclude that unpaid creditors "could usurp the bankruptcy process by suing the same defendants targeted by the Trustee on the very same claims based on generalized harm to the estate . . . ." Dkt. No. 17 at 5.

The non-moving parties are better positioned on this issue than appellants. In *Ahcom*, our Circuit allowed a creditor's alter ego claim to proceed against shareholders of a corporation in bankruptcy, and reversed the district court's finding that the bankruptcy trustee exclusively owned that claim. *See Ahcom*, 623 F.3d at 1252. *Ahcom*, however, provides that established rights of action properly brought exclusively by the trustee include "fraudulent conveyance, conversion, and theft . . . ." *Id.*

While appellants contend that they are raising an issue of overlapping claims between creditors and trustee that *Ahcom* did not address, almost the exact argument appellants make was recently considered and rejected by this Court. Specifically, in a case that appellants' attorney was involved in, this Court found that analogous alter ego allegations belonged to the estate, and therefore were within the trustee's exclusive purview. *See In re O'Reilly & Collins*, No. C 13-3177 PJH, 2014 U.S. Dist. LEXIS 13264, at *23-31 (N.D. Cal. Feb. 3, 2014) (holding in case involving a law firm that an individual creditor's alter ego allegations belonged exclusively to the estate). Indeed, appellants previously argued to this Court that the issue in *In re O'Reilly* was identical to the issue in the underlying bankruptcy with respect to the ownership of alter ego claims. *See* Dkt. No. 17 at 7, n.6 (citing Case No.13-cv-00449-SBA, Dkt. No. 51 at 1) ("The case at bar (Howrey) and the matter of Danko v Milgrom (In re O'Reilly & Collins), case No. C-13-03177 PJH (Danko) turn on precisely the same point of law. . . . Whoever is assigned to Howrey or Danko must deal with the question . . . ."). Consequently, the Court finds that *In re O'Reilly* turned on substantially similar facts and point of law, and is highly persuasive here. In light of this similarity, and the fact that nothing in *Ahcom* directly supports appellants' argument, the Court finds that appellants are unlikely to succeed on the merits.

### B.   Irreparable Harm

Appellants also fail the irreparable harm test. "Speculative injury cannot be the basis for a finding of irreparable harm." *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007). Instead, irreparable harm must be a likely or probable result. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2009); *In re Red Mountain Mach. Co.*, 451 B.R. 897, 900 (Bankr. D. Ariz. 2011) ("[B]oth the Supreme Court and the Ninth Circuit have raised the bar on the showing of irreparable injury, now requiring a showing that 'an irreparable injury is the more probable or likely outcome' if the stay is not granted.")

In the papers, appellants assert that they will suffer "possible" irreparable harm if the stay is not granted. Dkt. No. 5 at 13. The specific irreparable harm that appellants identify is the possibility that, absent a stay, the underlying appeal will become moot. But appellants themselves subsequently clarified their belief that the underlying appeal will not become moot if a stay is denied, and have taken the position that, absent a stay, they will continue to assert that the bankruptcy court's 11 U.S.C. § 363(m) good faith finding was "unprecedented and inequitably contrived." *Id.* at 15, n.8. During the hearing on this motion, appellants' attorney forthrightly acknowledged that mootness was not inevitable in his view and that the claimed harm was speculative. In addition, even if appellants argued that their appeal would be rendered definitively moot, which they do not claim, it is well settled that the risk an appeal may become moot is not an irreparable injury. *See In re Irwin*, 338 B.R. at 853; *In re Fullmer*, 323 B.R. 287, 304 (Bankr. D. Nev. 2005) (collecting cases); *In Re Fleetwood Enter., Inc.*, No. CV 10-0114 AHM, 2010 WL 960358, at *4 (C.D. Cal. Mar. 15, 2010); *In re Red Mountain*, 451 B.R. at 909. Thus, the Court finds appellants have not demonstrated likely irreparable harm sufficient to warrant a stay.

### C.   Harm to Non-Moving Party

A substantial harm that would result to appellees is sufficient alone to deny an application for a stay. *See Lynch v. California Public Util. Comm'n*, No. C-04-0580 VRW, 2004 WL 793530, at *4 (N.D. Cal. 2004). The non-moving parties allege serious harm will result if the stay is granted. They contend that the Settlement is a significant recovery for the trustee and the unsecured creditors in the Howrey LLP bankruptcy. At the hearing, the non-moving parties

asserted that the Settlement is the one of the most substantial settlements with former law firm partners they are aware of, and that it is likely the first of other potential partner settlements that may benefit the creditors in the Howrey LLP bankruptcy. Appellants contend that the non-movants will not be harmed by the stay, because the trustee has no right to "misappropriat[e] and then willy-nilly sell[] off" the alter ego claims, and because the former Howrey partners represented by KTBS will only be delayed in making their $4 million payment. *See* Dkt. No. 5. at 15. Appellants, however, do not address the reality that the requested stay would eviscerate the existing settlement agreement, and that there is no guarantee down the road that the trustee, the Official Committee of Unsecured Creditors, and the former Howrey partners represented by KTBS will be able to re-enter into a settlement agreement on similar terms. The Court concludes that the non-moving parties will be substantially harmed if a stay is granted.

### D. Public Interest

Finally, the Court concludes that the public interest here weighs in favor of encouraging settlement. The court is "firmly committed to the rule that the law favors and encourages compromise settlements" as "[t]here is an overriding public interest in settling and quieting litigation." *Ahern v. Central Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988) (internal quotations and citations omitted).

### CONCLUSION

Appellants have not made the showings required to obtain a stay pending appeal of the bankruptcy court's order. Accordingly, appellants' Motion to Stay is denied.

**IT IS SO ORDERED.**

Dated: July 14, 2014

_____
JAMES DONATO
United States District Judge